HUBBART, Judge
(dissenting).
If, as the majority opinion states, plaintiff’s counsel had requested the trial court to instruct the jury not to consider the comparative negligence issue, at 53 when the jury asked the court, “If it was negligence on both parties, how can this be settled?” — I would join in the majority’s reversal and remand for a new trial. I agree that the trial judge’s refusal to give such a proper instruction would constitute reversible error based on the reasons and legal authority stated in the majority opinion.
Plaintiff’s counsel, however, made no such request; he asked only that the jury be instructed “You should not consider this question,” (T. 637), which, in effect, told the jury not to consider the negligence of either party to this action. Plainly, to have *54 given such an instruction would itself have been reversible error, because the negligence of the defendant was a vital issue in this case. Indeed, the plaintiff had sued the defendant for negligent failure to procure malicious prosecution insurance coverage for the plaintiff, and the trial court had previously instructed the jury at some length on the negligence issue. It is therefore obvious that the trial court did not commit reversible error, as urged, in refusing to give such a clearly erroneous instruction — and that the majority’s decision to the contrary is patently wrong.
I would further reject the other points raised on appeal by the plaintiff and affirm the final judgment in all respects.